**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2010[*]
Decided November 18, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 09-3043

| | |
|---|---|
| JAMES W. WORTHEM,<br>    *Plaintiff-Appellant*,<br><br>*v.*<br><br>JOSEPH BOYLE,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 07 C 6589<br><br>Harry D. Leinenweber,<br>*Judge*. |

**O R D E R**

James Worthem claims in this suit under 42 U.S.C. § 1983 that Joseph Boyle, a bailiff at the courthouse in Skokie, Illinois, assaulted him without provocation during a courtroom proceeding. On September 26, 2007, Worthem had been transported from the Cook County Correctional Center, where he was a pretrial detainee, for a status hearing in his criminal case. During the hearing Boyle allegedly punched Worthem in the back of the head and lower back. Boyle then grabbed Worthem's arm, pulled him from the courtroom, and

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

continued to strike him.  The district court granted summary judgment for Boyle on the ground that Worthem filed suit before exhausting his available administrative remedies.

Before filing his § 1983 complaint on November 21, 2007, Worthem had submitted two administrative grievances about the alleged assault.  Worthem first submitted a grievance to the Cook County Department of Corrections on September 27.  On October 15, Worthem received a written response stating that his grievance had been forwarded to the Internal Affairs Division of the Court Services Department, a part of the sheriff's office.  A note on the response told Worthem he had 14 days to appeal; Worthem ultimately waited until November 30 to do so.  That appeal was rejected on December 6 with the explanation that Internal Affairs was handling the matter.  Meanwhile, Worthem had submitted a second grievance directly to Internal Affairs on November 15.  Months later in February 2008, Internal Affairs concluded that Worthem's allegations were "not sustained."

Because this appeal concerns only the grant of summary judgment on the ground of failure to exhaust administrative remedies, we forgo discussion of Worthem's arguments that are unrelated to that issue.  We also assume, for purposes of this appeal, that the exhaustion mandate of the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a), applies to this litigation.  Section 1997e(a) literally provides that prisoners cannot bring a lawsuit "with respect to prison conditions" without first exhausting available administrative remedies.  *Id*.  At summary judgment neither Boyle nor the district court analyzed whether Worthem's claim that he was assaulted in a *courtroom* concerns "prison conditions." Though failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant, *Jones v. Bock*, 549 U.S. 199, 216 (2007), Worthem has waived any argument concerning the application of § 1997e(a) to these specific facts by failing to raise the question in his appellate brief. *See Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 783 (7th Cir. 2007).

Worthem does raise three arguments relevant to § 1997e(a).  First, he contends that the phrase "prison conditions" does not include the use of excessive force.  The Supreme Court in *Porter v. Nussle*, 534 U.S. 516, 532 (2002), rejected that contention and held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *See also Smith v. Zachary*, 255 F.3d 446, 449-50 (7th Cir. 2001).

Second, Worthem contends that the exhaustion requirement was satisfied when officials at the county jail forwarded his grievance to Internal Affairs, a step that occurred before he filed his § 1983 action.  We disagree.  Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals.  *See Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004); *Dixon*

*v. Page* , 291 F.3d 485, 490-91 (7th Cir. 2002).  The review process did not end when Worthem's grievance was forwarded to Internal Affairs.  If he was displeased with the decision to pass the matter on to Internal Affairs for investigation, Worthem could have filed—and did file—an administrative appeal, but that step had to come before he filed his lawsuit, not after.  Moreover, Worthem complained directly to Internal Affairs, but he did not wait to file suit until after Internal Affairs had completed its investigation.

Third, Worthem misreads *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535-36 (7th Cir. 1999), as support for his argument that a failure to exhaust can be ignored because it does not deprive the district court of subject-matter jurisdiction.  In fact, however, we observed in *Perez* that district courts *cannot* ignore § 1997e(a) even though compliance is not jurisdictional.  *Id.* at 536.  A defendant may opt to overlook a failure to exhaust and seek instead a decision on the merits, but if the affirmative defense is raised, the district court must respect that choice.  *Id.*  The court did so here, and its judgment is AFFIRMED.